BERT OLSON v. ANSEL GIFFORD, Appellant.

DELIVERY OF GIFT:  HELD ESTABLISED.

*Appeal from Winneshiek District Court.*—HON. E. E. COOLEY, Judge.

FRIDAY, DECEMBER 13, 1895.

Plaintiff stated as his cause of action that on December 21, 1892, he was the owner of four horses, one set of harness, one lumber wagon, one pair of bobsleighs, and one road cart, all of the value of four hundred and twenty-four dollars; that on that day defendant took possession of said property, and wrongfully converted the same to his benefit, and that on that day plaintiff demanded said property from the defendant, who refused to give the same up to plaintiff, wherefore plaintiff asks to recover four hundred and twenty-four dollars and interest. Defendant answered, denying generally. The case was tried to a jury, and a verdict and judgment rendered in favor of the plaintiff for three hundred and fifty dollars. Defendant appeals.—*Affirmed.*

L. Bullis for appellant.

E. R. Acers for appellee.

Given, C. J.—I. The sole contention is whether plaintiff was the owner of the property described in his petition. Plaintiff, at the age of thirteen, was bound by the board of supervisors to the defendant, until he should arrive at the age of eighteen years, and he continued to live with and work for the defendant until he arrived at that age. Plaintiff claims to have acquired part of the property described by purchase and part by gift and delivery from the defendant. Appellant does not question that there is evidence to sustain the verdict so far as the two horses claimed to have

been purchased by plaintiff are concerned, but his contention is that as to the remainder of the property claimed by plaintiff as a gift from defendant there is no evidence of delivery thereof, title never having passed to the plaintiff. It might well be questioned whether, as between persons differently related, and living in different places, the facts would establish a delivery. The plaintiff lived with the defendant, and this property was kept at their common home, but the evidence shows that this property was recognized by defendant as the property of the plaintiff, and that plaintiff exercised all the dominion and control over said property that he could exercise under the circumstances under which the property was being kept. The question whether this gift property had been delivered to the plaintiff was submitted to the jury, and we would not be warranted in disturbing its verdict finding that there was a delivery. Authorities are cited by appellant to show that to pass title by gift there must be a delivery. The rule is not questioned, and such were the instructions of the court.

II. It appears that appraisers were called in to divide the property of the defendant between him and his wife. Plaintiff introduced evidence to show that on that occasion the defendant pointed out the property in question as the property of the plaintiff, and that, therefore, it was not taken into consideration in the division of property between the defendant and his wife. F. M. Ackers was examined upon that subject, and permitted to answer certain questions over defendant's objection, and of this defendant complains. One question was as to what property defendant had set aside at the time of the division as belonging to the plaintiff. Also the object of the appraisement, and whether all the other property was taken into consideration in the division. There was no error in overruling these objections, as the questions called for answers tending to show that the defendant admitted the property in question to be the property of the plaintiff. Other questions were asked and objected to, but the record does not disclose that any answers were given; therefore there was no prejudice, even if the rulings were erroneous. Other errors are not discussed; therefore, under familiar rules, will not be considered. We discover no error in the record, and conclude that, under the evidence, the verdict should not be disturbed.— *Affirmed.*